IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

|  |  |
|---|---|
| NOVATEK, INC., | **MEMORANDUM DECISION AND ORDER GRANTING [69] NOVATEK'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | Consolidated Case No. 2:11-cv-00180 |
| THE SOLLAMI COMPANY, | District Judge David Nuffer |
| Defendant. | |

This is a patent infringement case involving two patents issued to the Sollami Company ("Sollami"). In February 2011, Novatek, Inc. ("Novatek") commenced this action for declaratory judgment on the issues of validity and non-infringement regarding one of these patents, Patent No. U.S. 7,883,155 ("the '155 Patent"). On July 13, 2011, Sollami filed suit against Novatek in the Southern District of Illinois[1] for infringement of another Sollami patent, Patent No. U.S. 6,371,567 ("the '567 Patent"). These two cases were consolidated in February 2012 into the above-captioned case. By virtue of the order consolidating the cases,[2] the court has jurisdiction over the parties' claims regarding both the '155 Patent and the '567 Patent (collectively referred to herein as "the Patents").

Novatek has moved for summary judgment[3] of non-infringement on the Patents asserting that its products do not comprise a bit or bit holder as defined in the order regarding claims

---

[1] Case No. 2:11-cv-01112.

[2] Dkt. no. 29, entered February 9, 2012.

[3] Dkt. no. 69, filed December 21, 2012.

construction.[4] Sollami opposes Novatek's motion and contends that terms contained in the claim preambles are not limitations on Sollami's claims.[5] Therefore, Sollami argues that because Novatek's motion is based on the assertion that the Novatek products do not "read on" these terms contained only in the preambles, Novatek's motion should be denied. Sollami alternatively asserts that disputed issues of material fact preclude summary judgment.

As detailed below, certain words contained in the claim preambles are claim limitations and the Novatek products do not comprise a "bit" or "bit holder" as those terms are defined in the order regarding claims construction. Any asserted factual disputes are either immaterial or constitute opinions on legal issues regarding claims construction. Accordingly, after comparing the accused Novatek products to Sollami's claims as properly construed by the court, the accused Novatek products do not, as a matter of law, infringe the '155 Patent or the '567 Patent. Summary judgment is therefore GRANTED in favor of Novatek, Inc.

## BACKGROUND

This case involves equipment and machinery used in road milling, mining, and trenching operations. This equipment often utilizes spinning drums that hold sharpened metal teeth to grind up or cut through various road surfaces. At issue in this case are the metal teeth, called bits, and the mechanism used to connect the bits to the rotating drum.

Sollami's Patents relate to a certain device, called a bit holder, used to connect these bits to bit blocks located on the rotating drum. This bit holder has a bore in its front portion that accepts the shank of the bit, which bit is removable from the bit holder. The bit holder also has a shank which mounts in the bit block. The bit holder is designed to be removable from the bit block.

---

[4] Dkt. no. 66, entered December 5, 2012.

[5] Dkt. no. 84, filed February 1, 2013.

Novatek also produces a bit that is used in road milling, mining, and trenching operations. Its bit consists of a polycrystalline diamond ("PCD") coated tip that is brazed[6] to a carbide bolster, which is then brazed to a steel body. This steel body utilizes a shank to mount the steel body to the bit block on the rotating drum.

Sollami contends that Novatek's products infringe on Sollami's Patents, specifically arguing that the steel body of the Novatek bit is a bit holder as described in the Patents. On December 5, 2012, the court entered its order regarding claims construction.[7] Based on that order, Novatek moved for summary judgment contending that its products do not infringe Sollami's Patents.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] In applying this standard, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[9] However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[10] A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[11]

---

[6] "Brazing is a metal-joining process whereby a filler metal is heated above melting point and distributed between two or more close-fitting parts by capillary action." http://en.wikipedia.org/wiki/Brazing (Last visited April 12, 2013).

[7] Dkt. no. 66.

[8] Fed. R. Civ. P. 56(a).

[9] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (internal quotations omitted).

[10] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008) (citations omitted).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

In a patent case, evaluating a motion for summary judgment requires a two-step approach. The first step, construing the claims to determine their scope, is a question of law.[12] The second step, the determination as to whether the properly construed claims read on the accused device, is a question of fact.[13] But summary judgment of non-infringement can be granted "if there is no genuine issue whether the accused device is encompassed by the claims."[14] Having properly construed the claims, having compared the accused Novatek products to the claims, and after determining that there are no disputed issues of material fact, the court finds that the accused Novatek products are not encompassed by the Patents' claims.

## DISCUSSION

I.  <u>Claim Construction and the Effect of the Preambles.</u>

The starting point for any claim construction is the claims themselves,[15] which are construed according to their usage and context[16] "among artisans of ordinary skill in the relevant art at the time of the invention."[17] The meaning of claim terms is set "by ascertaining their technological and temporal context."[18] "In most cases, the best source for discerning the proper context of claim terms is the patent specification wherein the patent applicant describes the invention."[19]

Other sources include extrinsic evidence such as dictionaries, encyclopedias, and treatises, which "are particularly useful resources to assist the court in determining the ordinary

---

[12] *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed.Cir. 1999) (citations omitted).

[13] *See id.*

[14] *See id.*

[15] *Id.* at 1305 (*citing Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.Cir. 1996)).

[16] *ResQNet.com, Inc. v. Lansa, Inc.*, 346 F.3d 1374, 1378 (Fed.Cir. 2003).

[17] *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1360 (Fed.Cir. 2004) (citations omitted).

[18] *Id.*

[19] *Id.*

and customary meanings of claim terms."[20] In some cases involving construction of technical terms, other extrinsic evidence, such as expert testimony, may be useful, particularly to ensure "that [the court's] understanding of the technical aspects of the patent is not entirely at variance with the understanding of those skilled in the art."[21] However, extrinsic evidence should not be relied upon to contradict the meaning of claims from thoughtful examination of the intrinsic evidence.[22]

The order regarding claims construction[23] defines the terms "bit," "bit holder," "bit block," "single piece bit holder structure," "bit holder front portion," and "bit receiving front portion." Of particular importance to Novatek's motion are the definitions of the terms "bit" and "bit holder." "Bit" is "an object comprising a hardened tip and a shank mountable in and removable from a bore through the front portion of a bit holder."[24] "Bit holder" is "[a]n object in which a removable bit is mounted in a bore in the front portion thereof…"[25]

Notwithstanding the order regarding claims construction, Sollami contends that certain terms defined by the court, including the term "bit," are not limitations on Sollami's claims because the terms appear only in the claim preambles, which Sollami argues transition from surplusage to the actual claims at the word "comprising." To illustrate, claim 1 of the '155 Patent[26] states:

> In an assembly for use in road milling, trenching and mining equipment including a bit, bit holder and a bit block, said bit being mountable in a first bore

---

[20] *Tex. Digital Sys., Inc. v. Telegenix, Inc.,* 308 F.3d 1193, 1202 (Fed.Cir.2002).

[21] *Pitney Bowes*, 182 F.3d at 1309 (citations omitted).

[22] *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583-84 (Fed.Cir. 1992).

[23] Dkt. no. 66, entered December 5, 2012.

[24] *Id.*

[25] *Id.*

[26] Claim 1 of the '155 Patent contains language in the "claim preamble" that is identical to the language contained in the "claim preambles" of claims 1, 3, and 8 of the '567 Patent.

>through said bit holder and said bit holder being mountable in a second bore through said bit block, said bit holder and bit block, in combination, comprising:
>>a single piece bit holder structure including,
>>a bit holder front portion and a generally cylindrical bit holder shank portion extending axially rearwardly from said front portion defining an annular sidewall, an elongate slot radially through said sidewall extending axially from a distal end of said shank and terminating between said distal end and said front portion defining a C-shape portion of said shank, an outer surface of said C-shape portion providing interference with said second bore on said bit block sufficient to maintain said bit holder on said bit block during use.[27]

Sollami argues that the actual claims begin after the word "comprising," and that verbiage before "comprising" is mere contextual preamble and therefore does not limit the claims. The court disagrees.

As a general rule, if "the body of the claim fully and intrinsically sets forth the complete invention, including all of its limitations, and the preamble offers no distinct definition of any of the claimed invention's limitations, but rather merely states, for example, the purpose or intended use of the invention, then the preamble is of no significance to claim construction because it cannot be said to constitute or explain a claim limitation."[28] However, if "the claim preamble, when read in the context of the entire claim, recites limitations of the claim, or, if the claim preamble is necessary to give life, meaning, and vitality to the claim, then the claim preamble should be construed as if in the balance of the claim."[29]

The court has reviewed the Patents and claims in their entirety and finds that the phrase "a bit, bit holder and a bit block, said bit being mountable in a first bore through said bit holder and said bit holder being mountable in a second bore through said bit block…",[30] when read in

---

[27] U.S. Patent No. 7,883,155 claim 1.

[28] *Pitney Bowes*, 182 F.3d at 1305 (internal quotations omitted).

[29] *Id.* (citations omitted).

[30] *See* U.S. Patent No. 6,371,567 claims 1, 3, & 8; U.S. Patent No. 7,883,155 claim 1.

context of the claims, is integral to the respective claims because the phrase gives life, meaning, and vitality to the claims. Without it, the multiple references to "said bit block" contained in the claims would lack an antecedent necessary to understand the claim.[31] It is impossible to understand the terms "bit" and "bit block" as referenced in the claims, along with the structure and interaction of these component parts with the bit holder, without relying on the preambles.[32]

Sollami argues that the claims begin after the word "comprising," and that everything before "comprising" is part of the preamble and therefore cannot limit the claims. However, the placement or use of the term "comprising" is not a bright line test in marking the delineation between inconsequential preambles and claims. To rely exclusively on the location of "comprising" to determine what constitutes the superfluous preamble distinct from the claims would be to place form over substance and would ignore vast precedent in determining whether terms or phrases contained in a preamble serve as claim limitations.

Moreover, the phrase "comprising" is not the only transitional term contained in the preambles. The term "including" is synonymous with the term "comprising"[33] and serves as a transitional term, especially in this case where the phrase between "including" and "comprising" gives life, meaning and vitality to the claims while the words prior to "including" merely state the purpose or intended use of the inventions. Accordingly, the phrase "a bit, bit holder and a bit block, said bit being mountable in a first bore through said bit holder and said bit holder being mountable in a second bore through said bit block…" serves to limit the claims in the Patents.

Having determined that portions of the preambles are claim limitations, and after comparing the accused Novatek products with the Patents, including the claim terms as defined

---

[31] *See Rapaport v. Dement*, 254 F.3d 1053, 1059 (Fed.Cir. 2001).

[32] *See Catalina Marketing Int'l., Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (*citing Corning Glass Works v. Sumitomo Electric U.S.A., Inc.*, 868 F.2d 1251, 1257 (Fed.Cir. 1996)).

[33] *See Lucent Technologies, Inc. v. Gateway, Inc.*, 525 F.3d 1200, 1214 (Fed.Cir. 2008).

in the order regarding claims construction,[34] summary judgment of non-infringement is proper because the accused Novatek products do not utilize a bit holder or a bit with a shank that is mountable in and removable from a bore in the bit holder. Each of these elements is discussed in greater detail below.

II.  The Novatek Bit Does Not Utilize a Shank

The accused Novatek devices do not infringe the Sollami Patents because the PCD tip is not connected to the steel body by a shank. The term "shank" was introduced by the court in defining the term "bit" in the order regarding claims construction,[35] though "shank" was not defined. Nevertheless, the court retains the power to construe claim terms, including terms used by the court in the order regarding claims construction.[36]

Novatek's devices consist of a frustoconical shaped carbide bolster between the PCD tip and the steel body. Sollami contends that this carbide bolster is a "shank." It argues that the term "shank" in relation to the term "bit" should be interpreted in a manner consistent with the understanding of a person of ordinary skill in the art and defined as "that part of an instrument, tool, or other thing, which connects the acting part with a handle or other part…"[37] But Sollami ignores the definition and use of the term "shank" contained in the Patents themselves.

Claim terms, and in this case, terms related to the claims that are part of the order regarding claims construction, should be construed according to thoughtful study of the intrinsic evidence found within the claim language and specifications.[38] Extrinsic evidence, such as

---

[34] Dkt. no. 66, entered December 5, 2012.

[35] *Id.*

[36] *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed.Cir. 1995).

[37] Dkt. no. 95, Sollami Memorandum of Law in Opposition to Novatek Motion for Summary Judgment on Infringement at p. 30, in which Sollami quotes Webster's New Collegiate Dictionary, 1959 to define the term "shank."

[38] *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1583 (Fed.Cir.1996).

dictionaries and expert testimony, should only be relied upon if the intrinsic evidence is insufficient to understand the claims or claim terms and should never contradict the intrinsic evidence.[39]

The specifications of the Patents make clear that the "shank" of the "bit holder" is an elongate "cylindrical"[40] object. Because the law presumes that "the same terms appearing in different portions of the claims should be given the same meaning",[41] the court holds that the shank of the bit must also be an elongate cylindrical object. Indeed, the "shank" of the bit cannot be an entirely different shape than the "shank" of the bit holder, especially when considering the intrinsic evidence in this case and the intended structure and interaction of the "bit" with the "bit holder" as set forth in the claims.

The carbide bolster of the Novatek devices is not an elongate cylindrical object and is therefore not a "shank." Thus, the Novatek devices do not infringe the Sollami Patents as a matter of law.

III.     The Novatek Devices Do Not Comprise a Bit That is Mountable in a Bore.

The terms "bit" and "bit holder" as used in the Patents require a "bit" that is mountable in a "bore" in the front portion of a "bit holder."[42] Comparing the accused Novatek devices to the Patents, the court holds that no reasonable jury could find that the accused Novatek devices utilize a bit that is "mountable in … a bore."

As discussed above, the court does not find that the carbide bolster of the Novatek devices comprises a "shank." However, even if the carbide bolster comprises a shank, the

---

[39] *Id.*

[40] '567 Patent col.3 l.13-14; '155 Patent col.3 l.7-10.

[41] *Fin Control Systems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1318 (Fed.Cir. 2001) (*citing Phonometrics, Inc. v. N. Telecom, Inc.*, 133 F.3d 1459, 1465 (Fed.Cir 1998)).

[42] Dkt. no. 66, entered December 5, 2012.

carbide bolster nevertheless is not mountable *in* a bore.  The specifications of the Patents explain that the shank of the bit "fits within"[43] the bore or "in the bore,"[44] the length of which is determined in part by the length of the shank.[45]  Because the shank "fits within" the bore or "in the bore," and because the shank is cylindrical, the bore must also be cylindrical.[46]  This bore extends *through* the bit holder[47] and begins at a countersink[48] located on the bit holder front portion.  The clear language of the specifications underscores the difference between the bore, or the cylindrical tunnel that houses the shank of the bit, and the "countersink," which is located on the bit holder front portion and from which the bore originates.[49]

Comparing the Novatek devices to the properly construed claims of the Patents, the steel body of the Novatek devices contains a cylindrical tunnel bore, like that claimed by the Patents, but the carbide bolster does not mount *in* this bore.  Instead, the carbide bolster is brazed directly to the top of the steel body, which is more analogous to the countersink described in the specifications to the '567 Patent than it is to a bore.  Sollami attempts to avoid this result by calling the countersink on top of the steel body a "complex geometry bore," but as discussed herein, this is inapposite and contrary to the use of the term "bore" in the Patents and to the term's ordinary and customary usage.

---

[43] '567 Patent col.3 l.33.

[44] '155 Patent col.3 l.28-30.

[45] '567 Patent col.3 l.31-32.

[46] '155 Patent col.6 l.47-50.

[47] '567 Patent col.3 l.23-24; '155 Patent col.3 l.23-24, col.5 l.17-18.

[48] '567 Patent col.3 l.23-24.

[49] Not only does intrinsic evidence support the court's determination that the bore is a cylindrical tunnel, but extrinsic evidence provides additional support.  The standard dictionary definition of the term "bore" is "a usually cylindrical hole made by or as if by boring" or "the long usually cylindrical hollow part of something (as a tube or gun barrel)," http://www.merriam-webster.com/dictionary/bore (last visited April 12, 2013), or "a hole drilled or milled through something, as in the bore of a cannon," http://en.wiktionary.org/wiki/bore#English (last visited April 12, 2013).

Accordingly, the court finds that Novatek's carbide bolster does not mount *in* the bore of the steel body and therefore the accused Novatek devices do not infringe Sollami's Patents.

IV.     The Novatek Carbide Bolster is Not Removable From the Steel Body

For the accused Novatek devices to infringe Sollami's Patents, the Novatek PCD tip and carbide bolster must be removable from the steel body.[50] Comparing the Novatek devices to the properly construed claims, the court holds that no reasonable jury could find that the carbide bolster and PCD tip are removable from the steel body.

The carbide bolster on the Novatek devices is brazed to the steel body. Though this brazing can be broken or removed with sufficient force, the test for removability is not whether something *can be* removed, but whether the carbide bolster is *meant to be* removed[51] from the steel body as part of the Novatek device's usual "use cycle." Indeed, as the Federal Circuit has held, "claim construction is not philosophy; we need not wring our hands when considering the implications of metaphysical analysis"[52] of the term "removable" in this case.

Reviewing the Novatek device, the court is not persuaded that the PCD tip with its carbide bolster is removable from the steel body. The court considers the brazed attachment to be analogous to a rivet or laminate, which are "meant to remain permanent [and] unremovable unless one is bent on breaking the permanent structure apart,"[53] as opposed to a screw, for example, which is "meant to be unscrewed [or] removed."[54]

Therefore, the court holds as a matter of law that the PCD tip with its carbide bolster of the accused Novatek devices is not removable.

---

[50] *See* order regarding claims construction, dkt. no. 66, entered December 5, 2012.

[51] *See K2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1365 (Fed.Cir. 1999).

[52] *Id.*

[53] *Id.*

[54] *Id.*

## **CONCLUSION AND ORDER**

For the reasons set forth herein, the accused Novatek devices do not infringe Patent No. U.S. 7,883,155 or Patent No. U.S. 6,371,567 as a matter of law.

IT IS THEREFORE ORDERED that Plaintiff Novatek Inc.'s Motion for Summary Judgment (docket no. 69) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the court shall close this case.

Dated April 30, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge